1                    **UNITED STATES DISTRICT COURT**

2                  **NORTHERN DISTRICT OF NEW YORK**

3

4    **UNITED STATES OF AMERICA,**        )
                                          )
5                                         )   **CASE: 21-MJ-32**
                                          )
6         vs.                             )
                                          )
7    **BRANDON FELLOWS,**                  )
                       Defendant.         )
8    _____     )

9

10            **TRANSCRIPT OF MICROSOFT TEAMS PROCEEDING**
              **BEFORE THE HON. DANIEL J. STEWART**
11                **TUESDAY, JANUARY 19, 2021**
                      **ALBANY, NEW YORK**
12

13

14   **FOR THE GOVERNMENT:**
          Office of the United States Attorney
15        By:  Joshua Rosenthal, AUSA
          445 Broadway, Room 218
16        Albany, New York  12207

17

18   **FOR THE DEFENDANT:**
          Office of the Federal Public Defender
19        By:  Gene V. Primomo, AFPD
          39 N. Pearl Street, 5th Floor
20        Albany, New York  12207

21

22

23

24            **THERESA J. CASAL, RPR, CRR, CSR**
              Official Court Reporter (retired)
25

USA v. Fellows

1              (Court commenced at 1:47 PM.)

2          THE CLERK:  All right.  Court is now in session

3      before the Honorable Daniel J. Stewart.  We are now

4      on the record.  Tuesday, January 19, 2021, 1:47 PM.

5      The case is United States of America versus Brandon

6      Fellows, case number 21-MJ-032.  Appearances for the

7      record, please.

8          MR. ROSENTHAL:  Good afternoon, your Honor.

9      Joshua Rosenthal for the United States.

10         THE COURT:  All right.  Good afternoon,

11     Mr. Rosenthal.

12         MR. PRIMOMO:  Gene Primomo, your Honor, on

13     behalf of Brandon Fellows.  I'm appearing via

14     Microsoft Teams.  Good afternoon, everybody.

15         THE COURT:  All right.  Good afternoon to you,

16     Mr. Primomo.  And Mr. Fellows, I can see you; can

17     you see me all right?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  All right.  And you're able to hear

20     what I'm saying as well, is that correct?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  All right.  So let's -- I want to

23     start with some preliminary matters.  We have a lot

24     of individuals that are on the line in connection

25     with this call.  I'm gonna ask everyone who is not

USA v. Fellows

1   participating to mute their phone, that way there's

2   no outside distraction.  I appreciate that.

3        In addition, as everyone will note, we have a

4   court reporter here taking down this proceeding,

5   that is the official transcript of this proceeding.

6   No one is authorized to make any recordings of this

7   proceeding; it wouldn't be allowed if we were in

8   person and it's not allowed while we're proceeding

9   through remote means.

10       And Mr. Primomo, as I said, we are meeting

11  through remote means, and does your client have any

12  objection to that?

13       MR. PRIMOMO:  No, your Honor.

14       THE COURT:  All right.  So we're here today for

15  purposes of an initial bail and detention and also

16  for removal proceedings in connection with this

17  particular matter.  Mr. Fellows, when you and I

18  spoke Saturday night, I indicated to you what your

19  rights were.  All of those rights that I articulated

20  at that time still apply; that would be your right

21  to be presumed innocent, your right to be

22  represented by counsel and your right to remain

23  silent.  So those apply today and will apply

24  throughout the proceeding.

25       I mentioned to you that I would assign counsel

USA v. Fellows

1    to you in light of your financial condition; that's

2    been done.  Mr. Primomo has been appearing on behalf

3    of the Federal Defender's Office on your behalf to

4    protect your interests here today.  So that takes

5    care of the preliminary matters.

6         I want to talk a little about bail and

7    detention.  I scheduled this matter down for a

8    detention hearing because the Court determined that

9    there was a substantial risk of flight in connection

10   with this case.  So, before we proceed to talk about

11   whether you should be detained or released on

12   conditions, I want to set forth exactly what the

13   standards are that I'm required to apply under the

14   Federal Bail Reform Act.

15        First, as I said, at all times, the defendant

16   is entitled to the presumption of innocence.

17   Therefore, nothing that takes place at this hearing

18   or that I set forth in my findings is intended or

19   should be construed to affect that presumption.

20   Rather, the purpose of this hearing is to determine

21   whether, notwithstanding that presumption of

22   innocence, the defendant should be detained pending

23   trial.

24        Second, under the Bail Reform Act the defendant

25   must be released prior to trial unless I find that

USA v. Fellows

1    no conditions or combination of conditions exist

2    which would reasonably assure the appearance of the

3    defendant or reasonably insure the safety of any

4    person in the community.

5          Finally, the Act requires the least restrictive

6    conditions be imposed that are necessary to provide

7    those reasonable assurances.  If I cannot find any

8    conditions that will reasonably assure the

9    appearance of the defendant as required or the

10   safety of the community, then I am required by the

11   Act to order the defendant be held in custody.

12         In making that determination, the Bail Reform

13   Act requires me to consider four specific factors:

14         One, the nature and circumstances of the

15   alleged offense; two, the weight of the evidence

16   against the defendant; three, the history and

17   characteristics of the defendant; and four, the

18   nature and seriousness of the danger to others and

19   to the community.

20         So, I will start first with the Government, but

21   I will note that I have received a written Pretrial

22   Services report that's multi-page that goes through

23   the defendant's history in some detail.

24         Mr. Primomo, can I confirm that you've been

25   provided with a copy of that?

USA v. Fellows

 1        MR. PRIMOMO:  Yes, your Honor.  I've received

 2   it and reviewed it.

 3        THE COURT:  And I note that you were actually

 4   present when this interview was conducted, correct?

 5        MR. PRIMOMO:  That is correct.

 6        THE COURT:  All right.  And Mr. Rosenthal,

 7   you've received that as well, correct?

 8        MR. ROSENTHAL:  Yes, your Honor, I have.

 9        THE COURT:  All right.  So why don't I hear the

10   position of the Government with regard to this

11   matter, what you wish me to do.

12        MR. ROSENTHAL:  Your Honor, the Government

13   shares the Pretrial Services department's concern

14   about the defendant's risk of flight.  The defendant

15   has no stable residence.  According to the bail

16   report, he's lived in a bus or converted RV for

17   about four years.

18        We also have a lot of concern about what went

19   on prior to his arrest.  He lied to the arresting

20   officers about being in Pennsylvania during the day

21   on Saturday; turns out he was in the Capital Region

22   the whole time.  He claimed that he was gonna turn

23   himself in at 7:00 o'clock that night only to post

24   on social media that it would be 7:30 and only for

25   the FBI to find out that he had abandoned the bus

USA v. Fellows

1    that he was driving, turned off his phone and

2    wrapped it in foil.

3        When he was finally confronted at a local

4    hotel, he tried to hide his phone in a candy display

5    right before being arrested.  He also posted videos

6    on social media mocking the fact that he was going

7    to be arrested, showing that he is unlikely to take

8    seriously the Court's orders.

9        We also have concerns about his reported drug

10   use, which are as recent as this past Friday,

11   according to the bail report.

12       Additionally, I told the Pretrial Services

13   department that he had not been convicted of a

14   crime; but, in fact, he was convicted of a crime in

15   2019.

16       That said, the Government believes that the

17   following conditions -- that the conditions set

18   forth in the bail report and recommended by the

19   Pretrial Services department are sufficient under

20   the statute.  Those include a 25,000 surety, home

21   confinement, GPS monitoring, travel limited to the

22   Northern District of New York, though we ask the

23   Court especially make clear to the defendant that he

24   is not to go to Washington, D.C. unless to attend

25   court, and the condition about residing with his

USA v. Fellows

1   mother that was discussed earlier.

2       THE COURT:  All right.  Let me hear from

3   defense counsel.  Mr. Primomo.

4       MR. PRIMOMO:  Your Honor, I do not believe that

5   the -- although the Government is in agreement with

6   conditions, and, at this point, we don't have an

7   objection to those conditions, so there is a

8   presumption of release, and that the -- Probation

9   has suggested the most restrictive conditions

10  possible to assure his return.  There's no reason to

11  believe that he cannot be successful in returning

12  when ordered to.

13      The only other thing, he's probably not aware

14  of what an unsecured bond is and that's something we

15  need to discuss the details of that.  He doesn't

16  have resources, so what that is is a -- or the

17  Court may prefer to explain it, explain that to

18  Mr. Fellows.

19      THE COURT:  Well, I note that Probation has

20  indicated, at least to me, that they're looking for

21  a $25,000 secured bond, and I didn't get the sense

22  in speaking with Mr. Fellows before that he has the

23  financial ability to do that.

24      MR. PRIMOMO:  No, your Honor, a secured bond,

25  yeah, that's true, a secured bond would essentially

USA v. Fellows

1  be no bond because he doesn't have those resources.

2  There's no one that appears to have those resources.

3  Certainly his mother does not.  So, your Honor, we

4  propose that he sign an unsecured $25,000 bond in

5  lieu of secured bond.

6       THE DEFENDANT:  May I also add something, is

7  that acceptable, can I add a note in to that?

8       THE COURT:  Well, Mr. Fellows, I'll certainly

9  hear from you.  I would remind you what I told you

10  before which is you have an absolute right to remain

11  silent, so if you wish to speak, I'm not gonna

12  prohibit you from doing that, but one of the reasons

13  I appointed you counsel is to speak on your behalf,

14  but feel free.

15       THE DEFENDANT:  Yeah.

16       MR. PRIMOMO:  I don't know exactly what you're

17  gonna say so --

18       THE DEFENDANT:  I know, I gotcha.  So I just

19  want to mention that I was actually going to turn

20  myself in, but I had what he referred to as a

21  constitutional counsel give me a call and I don't

22  know where he got my number, but he said if they

23  have not shared -- he says, "Has the officer told

24  you he has a warrant, has he told you he had this?"

25  I said, "No, he didn't tell me he has a warrant."

USA v. Fellows

1    And he said, "You don't have to turn yourself in

2    wait until you hear they have a warrant."  So that's

3    why I had the change of mind, because he said he

4    needs to tell you what you're being charged with

5    before you go in.  So, having heard that, and not

6    myself being a lawyer, I said, "Oh."  I didn't know

7    if he was trying to play tricks, I don't know, so

8    that's what I was waiting for.  That's the only

9    thing I would like to add in.

10        THE COURT:  All right.  All right.

11        Mr. Rosenthal, what's your position with regard

12   to the secured bond?

13        MR. ROSENTHAL:  Your Honor, we're okay with an

14   unsecured bond at this juncture.

15        THE COURT:  All right.  So having reviewed the

16   information in front of me, having reviewed the

17   complaint and the extensive affidavit that goes

18   along with it, that certainly is disturbing to the

19   Court.  But recognizing that this is, at this point

20   in time, two misdemeanor offenses, I do believe that

21   I can set conditions.  I think that the defendant is

22   a risk of flight and so I'm gonna impose conditions

23   that I believe will ameliorate that risk.

24        I was present all Saturday during the course of

25   attempting to detain the defendant, so I understand

USA v. Fellows

1    exactly what went on.  The defendant, insofar as

2    he's residing in a white bus, doesn't have a

3    discreet and stable residence, so I am prepared,

4    having reviewed everything, to release the defendant

5    on conditions, but I'm going to go through exactly

6    what those conditions are with the defendant.

7        Mr. Fellows, I want you to understand what

8    conditions I'm imposing, so that there's no

9    confusion, so that later on you don't indicate that

10   you didn't understand what I said, because I can

11   tell you pretty clearly that if you violate the

12   conditions that I'm imposing, what will happen is I

13   will issue an arrest warrant, you'll be brought back

14   in front of me, and after hearing what's to be said,

15   the possibility would exist that you would be

16   detained pending trial in this matter.

17       So these are significant conditions.  The most

18   significant is the residence one and so I'm not

19   gonna impose a secured bond, insofar as I'm gonna

20   have you reside with your mother and I'm gonna

21   impose electronic monitoring.  In the event your

22   mother is no longer able to allow you to stay there,

23   I am going to have to reconsider exactly what I'm

24   going to do.  In speaking with Mr. Primomo, I know

25   he's made arrangements on your behalf, that's not

USA v. Fellows

1  gonna be for another few weeks.  In the interim,

2  you'll be able to appear virtually in connection

3  with this matter in DC.

4       So let me go through exactly what those

5  conditions are.

6       First, you shall not commit any offense in

7  violation of federal, state or local law while on

8  release in this case.

9       You have to cooperate in the collection of DNA

10 insofar as that's authorized by the federal statute.

11      You shall immediately advise the Court, defense

12 counsel and the U.S. Attorney in writing before any

13 change of address or telephone number.

14      And you shall appear at all proceedings as

15 required and shall surrender for service of any

16 sentence imposed as directed.

17      In addition to that, you shall report to

18 Pretrial Services within 24 hours of release.  I'm

19 gonna give you a telephone number.  Pretrial

20 Services may well be on the call and so when we're

21 done, they may talk with you directly.  You're going

22 to allow them to visit you, at any time, at your

23 home or elsewhere, and you shall permit them to

24 confiscate any contraband observed in plain view.

25      You shall refrain from possessing a firearm,

USA v. Fellows

1   destructive device or other dangerous weapon.

2        You shall execute an unsecured bond in the

3   amount of $25,000.

4        You shall maintain or actively seek employment.

5        You shall obtain no passport.  It's my

6   understanding you do not have a passport, is that

7   correct, Mr. Fellows?

8        THE DEFENDANT:  Correct.

9        THE COURT:  Okay.  You shall restrict your

10  travel to the Northern District of New York unless

11  approved by Pretrial Services or the Court.  Insofar

12  as you're required to travel to DC for purposes of a

13  court proceeding, that would be authorized.

14       Mr. Fellows.

15       THE DEFENDANT:  Can we maybe add in western

16  Massachusetts in there since I frequent western

17  Mass, as well, since it's on the border.

18       THE COURT:  No.

19       THE DEFENDANT:  No?  Okay.

20       THE COURT:  I want to make sure, Mr. Fellows,

21  that you understand the seriousness of what we're

22  talking about here.  I don't mind if you ask

23  questions, but, you know, I am gonna try to make

24  myself as clear as possible.  I'm restricting your

25  travel to the Northern District of New York.  That's

USA v. Fellows

1    not New York City, that's not Vermont, that's not

2    Buffalo, that's the Northern District of New York.

3         You're to remain at an authorized address as

4    approved by Pretrial Services or the Court and so

5    that address at the present time is the 10 Queen

6    Drive address in Schenectady, New York, with your

7    mother.  If that address changes, then I need to

8    approve any other address, and if there's no

9    approved address, then I have to reconsider your

10   release.

11        You're to refrain from any excessive use of

12   alcohol.

13        You're to refrain from possession, use,

14   distribution, importation or manufacturing of any

15   controlled substance or any controlled substance

16   analogues, except possession and use of a controlled

17   substance properly prescribed by a licensed medical

18   practitioner is permitted.  You can talk with

19   Probation with regard to that.

20        You're to submit to any method of testing

21   required by Pretrial Services to determine whether

22   you're using a prohibited substance.  Such methods

23   may be used with random frequency, could include

24   urine testing, hair follicle testing, sweat patch

25   testing, anything like that.

USA v. Fellows

1          You are to participate in and successfully

2   complete a program of outpatient or inpatient

3   substance abuse therapy and counseling.  Outpatient

4   treatment shall be approved by Pretrial Services or

5   the Court.  Inpatient substance abuse treatment

6   shall be approved by the Court.

7          You shall refrain from obstructing or

8   attempting to obstruct or tamper in any fashion with

9   the efficiency or accuracy of any prohibited

10  substance testing or electronic monitoring, which is

11  required as a condition in this case.  So, in other

12  words, if you were to produce fake urine, if you wee

13  to try to dilute your system with water so that the

14  testing was negative.  If you were to attempt to cut

15  off your electronic bracelet or tamper in any

16  fashion, that is a violation of my conditions.

17         I'm gonna have you participate in a home

18  confinement program, which will include electronic

19  monitoring and location verification.

20         You are sentenced to home detention, so you're

21  restricted to your residence, your mother's

22  residence, at all times, except for employment,

23  education, religious service, medical, substance

24  abuse or mental health treatment, attorney visits,

25  court appearances, court-ordered obligations or

USA v. Fellows

1    other activities as preapproved by Pretrial Services

2    or the Court.

3        With regard to your work, you're going to need

4    to coordinate with the Probation Department because

5    you do not have a work schedule, so I need to

6    confirm you're actually going out on a job before

7    you're allowed to leave your home.

8        You have to report within 72 hours to Pretrial

9    Services or the Court any contact with law

10   enforcement personnel, including any arrest,

11   questioning or traffic stop.

12       In addition, if you become the subject of an

13   order of protection, you're required to notify

14   Pretrial Services of that order of protection.

15       Those are the conditions that I plan on

16   imposing.  Mr. Fellows, do you understand the

17   conditions I've imposed?

18       THE DEFENDANT:  I guess, yeah.

19       THE COURT:  Well, now's the time to ask a

20   question if you don't understand the conditions.

21       THE DEFENDANT:  So the curfew, so you're

22   saying -- so, obviously, my work, just running a

23   business, isn't just going to work; it's meeting

24   with people, it's marketing, and not all the time is

25   that always going to be scheduled, so that's,

USA v. Fellows

1   obviously, an area of concern for me.

2        And you know, I feel like being able to -- you

3   know if I had an electronic device on me, I don't

4   see why it would be problematic for me to go out and

5   conduct business and/or prebusiness, you know,

6   things that are required for me to complete a job

7   prior to actually doing a paid job, you know.  Do

8   you understand my concern?

9        THE COURT:  Well, I understand what you're

10  telling me.  You're a chimney sweep, as I understand

11  it, correct?

12       THE DEFENDANT:  I think a chimney sweep is a

13  very derogatory way to say it, but, technically,

14  yes.  But I bring things up to code, I handle lots

15  of real estate transactions, I don't just clean.

16  Sometimes these are lots of jobs, need research,

17  camera inspections, I need to handle with home

18  sellers and buys, et cetera, et cetera.

19       THE COURT:  Well, you'll need to work closely

20  with your supervising officer to go ahead and do

21  that, but my anticipation -- the other thing I was

22  considering was just home detention, in other words

23  not allow you to go out at all.  But I will allow

24  you to go out, the jobs have to be -- you have to

25  notify Pretrial Services and get approval before you

USA v. Fellows

 1    do that.  If that turns out to be unworkable, then

 2    we'll reconsider something else.

 3        THE DEFENDANT:  And if I get unemployment, they

 4    just -- so I'll stay at home.

 5        THE COURT:  Mr. Rosenthal, are there any other

 6    conditions that the Government's asking for that I

 7    haven't articulated?

 8        MR. ROSENTHAL:  Your Honor, I just -- at the

 9    risk of stressing this too much, we just want to

10    make sure it's explicit on the record the defendant

11    is directed not to go to Washington, D.C., unless

12    for a court session, we want to make sure that's

13    entirely clear to him.

14        THE COURT:  All right.  I'll clarify that.  So,

15    Mr. Fellows, you're restricted to the Northern

16    District of New York.  As I said, if you have a

17    proceeding in Washington, D.C., court, that's not

18    virtual, that requires your appearance, you're

19    authorized to go only to that proceeding, only

20    attend to the courthouse and return directly home

21    and not go anywhere else.

22        Mr. Rosenthal, does that cover it?

23        MR. ROSENTHAL:  Yes, your Honor.  And,

24    respectfully, one more request that we would have is

25    just that he contact Probation at least once a week

USA v. Fellows

1    to check in.  I know that it says "as directed by

2    Probation," but we would think that a week is the

3    minimum.

4         THE COURT:  Well, I'll leave that to Probation

5    to make a determination as to that.

6         MR. ROSENTHAL:  Thank you, your Honor.

7         THE COURT:  All right.  Mr. Primomo, you've

8    heard me state the conditions.  Is there anything

9    that you want to -- me to inquire about or you have

10   a concern about?

11        MR. PRIMOMO:  Your Honor, with regard to the

12   travel restriction, I think that Mr. Fellows has

13   sometimes worked in Massachusetts and so forth, and

14   I think what we need to know is or understand is if

15   that occurs, you need to let Probation, me know and,

16   with prior approval, you can maybe travel, you can

17   do those things, but it's just gonna take prior

18   approval.  So, you know, as the lines of

19   communication develop between you and Probation, I'm

20   available, and if we can't agree on something, then

21   we can -- I can address it with the Court.  All

22   right?

23        THE DEFENDANT:  (Nods head.)  Yeah.

24        THE COURT:  All right.  So we'll have some

25   forms for you to sign with regard to that.

USA v. Fellows

1        Now, Gene, let me make sure, did you get a

2   copy -- you got a copy of the criminal complaint,

3   all the related documents, correct?

4        MR. PRIMOMO:  Yes, I did.

5        THE COURT:  All right.  So the defendant,

6   because this is a proceeding that's occurring in DC,

7   does have the right to a removal hearing, an

8   identity hearing, insofar as he contests that he's

9   the same Brandon Fellows who's being sought by the

10   DC court.  How would your client like to handle that

11   matter?

12        MR. PRIMOMO:  So, Mr. Fellows, do you have any

13   questions about that?  We talked about the identity

14   issue.  You don't intend to contest your identity,

15   just for purposes for this Rule 20 proceeding, is

16   that correct?

17        THE DEFENDANT:  That is correct.  I just want

18   to make sure, though, that I did have a warrant

19   prior to him getting me 'cause he didn't share that

20   information with me, which is the reason I didn't go

21   in.  I don't know if that can be shared with me or

22   not.

23        THE COURT:  Yeah.  I have a copy of the warrant

24   that was signed on January 15, 2021, we'll make sure

25   that if your counsel hasn't received it already that

USA v. Fellows

1   he has it.  You're certainly entitled to a warrant.

2        THE DEFENDANT:  All right.  Then do you guys

3   know the condition of my vehicles, which he said he

4   was not going to deal with.  He said as punishment

5   for me not showing up, he impounded my vehicles.

6        THE COURT:  I don't have information about

7   that, that's not the purpose of this proceeding here

8   today.

9        So, with regard to the issue of an identity

10  hearing or formal removal proceeding, Mr. Primomo,

11  how would you like to proceed?

12       MR. PRIMOMO:  Your Honor, we waive our right to

13  an identity hearing for purposes of removal.

14       THE COURT:  Okay.  All right.  And as far as

15  the issue of a preliminary hearing, do you wish to

16  request a preliminary hearing?

17       MR. PRIMOMO:  Mr. Fellows, we talked briefly, I

18  believe, about a preliminary hearing, in which the

19  Government would present some evidence, but that's

20  something that you need to take care of in the

21  charging district and you'll have the ability to

22  reserve that and have that preliminary hearing there

23  if you so wish after you're appointed counsel.

24       THE DEFENDANT:  Okay.

25       THE COURT:  All right.  So we'll defer the

USA v. Fellows

1    issue of a preliminary hearing.

2         Mr. Primomo, we're gonna provide you this

3    information as to when your client's required to

4    appear.  My understanding from speaking -- or the

5    information that was provided by the U.S. Attorney

6    is that if I were to release the defendant on

7    conditions, that he would appear virtually before

8    the DC Magistrate Judge at 1:00 PM on any weekday no

9    sooner than three business days following this

10   hearing.  So we'll provide that information to you.

11   If you could coordinate with the District of

12   Columbia and we will make sure that Mr. Fellows gets

13   appointed counsel who's admitted to practice in DC

14   as well to protect his interests there, all right?

15        MR. PRIMOMO:  Very well.  And Mr. Fellows,

16   I'm gonna -- I'll have a conversation with the

17   U.S. Attorney here, who is in communication with the

18   Agents to see what the status of your vehicles are.

19        THE DEFENDANT:  Thank you.  And my phone, I

20   need my phone to contact customers, and their

21   numbers, please.

22        MR. PRIMOMO:  All right.  I'll discuss the

23   phone with them as well.

24        THE DEFENDANT:  Thank you.

25        THE COURT:  All right.  Mr. Rosenthal, anything

USA v. Fellows

1   further you want me to address at this time?

2       MR. ROSENTHAL:  No, your Honor, not at this

3   time, thank you.

4       THE COURT:  All right.  Mr. Primomo, anything

5   further you want me to address?

6       MR. PRIMOMO:  No.  Just, Mr. Fellows, you do

7   have my phone number contact, right?

8       THE DEFENDANT:  Yes, sir (indicating).

9       MR. PRIMOMO:  All right.  So that should ring

10  through to me with the extension 106 and we'll be in

11  touch, all right?

12      THE DEFENDANT:  Yes, sir.

13      THE COURT:  All right.

14      MR. PRIMOMO:  All right.

15      THE COURT:  Mr. Fellows, I am going to release

16  you on the conditions that I've set.  Those

17  conditions are mandatory, they're not discretionary.

18  You have to follow all of them.  If you don't, I can

19  guarantee you that you're gonna appear in front of

20  me again, which you do not necessarily want to.

21      So that marks the end of this proceeding, and

22  thank you everybody.

23      THE DEFENDANT:  Do we have an idea of when

24  the -- when this court case will -- when we'll have

25  the main trial, an estimate probably?

USA v. Fellows

1        THE COURT:  That's gonna be for the DC district

2   to determine.

3        THE DEFENDANT:  Okay.

4        THE COURT:  All right.

5        THE DEFENDANT:  Yes, sir.

6             (This matter adjourned at 2:13 PM.)

7                    - - - - -

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Theresa J. Casal, RPR, CRR, CSR
U.S. District Court Reporter (Retired)

```
 1

 2              CERTIFICATION OF OFFICIAL REPORTER

 3

 4

 5              I, THERESA J. CASAL, RPR, CRR, CSR,

 6   Official Realtime Court Reporter, in and for the

 7   United States District Court for the Northern

 8   District of New York, do hereby certify that

 9   pursuant to Section 753, Title 28, United States

10   Code, that the foregoing is a true and correct

11   transcript of the stenographically reported

12   proceedings held in the above-entitled matter and

13   that the transcript page format is in conformance

14   with the regulations of the Judicial Conference of

15   the United States.

16

17              Dated this 2nd day of February, 2024.

18

19              s/ Theresa J. Casal

20              THERESA J. CASAL, RPR, CRR, CSR

21              OFFICIAL COURT REPORTER (retired)

22

23

24

25
```